The Honorable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may draw an ear, give their attendance, and they shall be heard. God save the United States of America and this Honorable Court. The Court is in session. You may be seated. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 21-1779, United States v. Byron Allen Cardozo. At this time, if Attorney Feldman Rumpler will introduce herself on the record to begin. Good morning, Your Honors, and we appreciate the Court. Leslie Feldman Rumpler for Byron Allen Cardozo. I would ask permission to reserve two minutes for the record. You may. Thank you, Your Honor. This appeal is from an excessive, inflated, unreasonable restitution order that contained a five-figure internal inconsistency of four-figure mathematical error. And other charges not proximately caused by the defendant's crime. I'd like to focus on three aspects of the restitution order, beginning with the unreasonable challenge that was made in the district court. Now, the challenge, I would remind the Court, was made by the attorney who failed to appear at the sentencing hearing, which resulted in over $10,000 in charges in the restitution order. But that attorney did make some specific challenges to the reasonableness of the order, which the government brief does not appear to acknowledge. Two examples of unreasonable charges that were set forth in that objection were, number one, charges relating to the investigator hired by the victim to violently assault his assistant, and charges relating to the victim's publishing career. The attorney spent time dealing with problems that arose because an investigator they recommended that the victim's family hire to protect her violently assaulted Mr. Cardozo, landed him in the hospital, and caused him to lose $8,000 in medical bills. Those were included on the bill. The Court didn't address it. There were also charges, and those charges are identified in my open brief relating to the victim's publishing career. The attorneys who represented her, and again, these are the attorneys in New York, who represented her in a criminal matter in Boston, here in this courthouse, spent time gathering documents regarding Mr. Cardozo's criminal history, which had been thoroughly researched previously by the Florida Council, gathering those documents to provide to her so she could send them to her publishing attorney. Those charges are not proximately related to the offense theory. Mr. Romple, you made, your predecessor counsel made precisely these arguments to the District Court. Is that correct? That is correct. And it's an abuse of discretion standard of review? It is. How can we say the District Court abused its discretion if the District Court… I think… Take this last example that you just mentioned. Can you really criticize an attorney for checking criminal history data given by another attorney rather than taking it at face value? I don't fault the fact that they checked the criminal history, but the fact that they spent time gathering these records to provide to the publishing counsel is not related to the offense. This was not addressed in any way by the District Court. It's important to look at the procedural history here, because even if the procedural history itself does not… Can I just understand one thing? There are two different arguments that you've mentioned. You've mentioned whether it was reasonable, and then you've mentioned whether it was proximately caused. Correct. Did you argue both of those grounds for objecting below? I believe the objection covers that. That was not what I asked. I would need to look at that, and I will do that prior to… Well, the reason I ask is that if you didn't object to being proximately caused, then it would seem that the abuse of discretion standard is going to be more difficult on the reasonableness of it. Whereas if you did object that there was an approximate connection, then that seems less of a problem for you. So it seems like it would matter quite a bit what the argument made below was. I believe the argument was made below, and I will find… But just to be clear, when you opened your argument, you said that below you had argued that it was not reasonable. That's right. You did not say below you had argued there was not proximate connection. To be clear, I wasn't… Well, it doesn't matter, because you're here now. That's right. Yeah. It's important to look at the procedural history here, too, because that's another aspect of error that was argued. And it's true, that aspect was not argued below, but it provides context for… Which aspect? The proximate cause was not argued below? No, the procedural error, which is the court completely ignored the procedures required. These are not suggested procedures required by the MVRA. The court shall obtain a restitution report if restitution is not covered in the PSR. It wasn't covered in the PSR here because… But that doesn't relate to whether the objection was made on one ground or another. It relates to it in the sense that the court didn't really take a careful look at this. There was nobody… Okay. So are you saying there was legal error? I am saying there was legal error. That we reviewed de novo? Is that your position? Yes. How can we review an error de novo if the claim of error wasn't raised below? There was no objection below that there should be a restitution report, but that was a required element? That's correct. So that's not de novo review. That's plain error review if the point isn't waived entirely. My argument here, Your Honor, is that the procedural history gives background to explain the lack of attention the court gave to this contributes to the way that this was found. Well, lack of attention, Ms. Rumpler, like beauty is in the eye of the beholder. I mean, the court wrote a reasoned opinion here. This isn't a case where you've got to flip one paragraph off-the-cuff bench decision. You've got a reasoned written decision after a hearing. I'd like to proceed now to the court's decision, which contains an internal inconsistency to the tune of over $10,000. That is to say the court found in its restitution order at page 4 that the second trip these two New York attorneys took to Boston for a sentencing hearing never took place the first time around due to counsel's error, that that trip was clearly not attributable to the defendant. That was not proximately caused by the defendant's crime. Was that made below that argument? That judge found it. And the attorney clearly wasn't going to make that argument, as I pointed out in my reply brief, because he was the one who failed to show up. By highlighting it, he would have highlighted to the court that he personally was responsible. But the court, though, saw that and the court made a finding that that second trip was not attributable to the defendant. And having made that finding, it expressly said that the cost associated with that trip should not be attributed to the defendant. No, the court didn't say that at all, Ms. Rumpler. The court deducted from the restitution amount the costs attributable to counsel's writing a letter seeking reimbursement, said that those costs, $200-odd, were not related. But the court allowed all of the costs related to the travel and the appearance itself, presumably, I would imagine, on the ground that the evidence seemed to be that during that trip, even though the hearing didn't take place because of the scheduling error of defense counsel, that there were substantive conversations between the prosecutor and counsel for the victim. The court expressly said that the costs associated with the second trip were not attributable to the defendant. That's the way you construe what the court said. What the court deducted was solely the cost of the reimbursement letter. This rescheduling and any expenses associated with the victim and or her attorney's afflictive appearance in court was clearly not a loss caused by the defendant. It's not referring simply to the letter that the New York attorney spent .2 time writing for which they charged $237. This is a matter of over $10,000, not $200. And one last thing, because you're over time, is the mathematical error independent of this? Yes. And that was brought to the attention of the district court or not? No. Unfortunately, everybody missed it. Okay. Yeah, I get it. Thank you. Judge Thompson, did you have anything further? No, thank you. Okay. Judge, I'm just going to correct the microphone for a second. Oh, it's not on? Yeah, I just opened it up. Okay. That is an important correction, yes. Counsel, at this time, you can introduce yourself on the record to begin. Good morning, and may it please the Court. Alexandra Amrein on behalf of the United States. Ms. Amrein, would you start where we left off with Ms. Rumpler about the trip for the sentencing that was canceled because defense counsel didn't show? Yes, Your Honor. So in this case, I would like to first note that there was no objection below to the fact that there was a sentencing hearing and that it was ultimately rescheduled. And Judge Salia, as Your Honor had recognized, this was a situation where the court below excluded one very specific expense, $237, which had been charged by victims counsel for writing a letter to defendants counsel for reimbursement. The judge below, who very clearly had considered the record, the detailed billing records of counsel, had determined that. The potent counsel, if I'm understanding, is not disputing what was deducted. If all of that had been deducted, there would be no reason to be appealing the non-deduction of it. The contention is that given the rationale the district court gave as to that trip, how could it be other than error to have not deducted more than was deducted in relation to it? Sure, Your Honor. In this case, the expense that was excluded is materially different than the other expenditures that were in fact allowed. But just address that specific expense. That specific expense. The transportation. With respect to the expenses that were allowed, Your Honor, I think that they do fit within the district court's rationale. Okay, isn't what your opponent's counsel just read from was to say that the trip was not attributable? Did the district court say that? The district court said below that the rescheduling and expenses associated with a duplicative appearance in court were not a loss caused by the defendant. Okay. In this case, we would say that the only thing that that statement would then apply to was a duplicative appearance actually in court. But the record shows that on the day that victim's counsel came to Boston, they did substantive legal work in furtherance of the case. They met with the client. They met with the DOJ. Okay. I think that's helpful. Sure. And was there an objection to the reasonableness of bringing the second attorney on that trip?  There was just a general objection regarding the reasonableness of the fees overall, but not with respect to that particular argument. And was a proximate causation argument made below in objection to anything? Not with any specificity, Your Honor. There were general arguments made that the victim's choice to hire counsel was an elective one and things along those lines, but nothing kind of specific with respect to the arguments. And could you just address then the question of, I guess on two dimensions, with respect to the payments related to the investigator? Yes. How – is your argument that that was proximately caused or that there was no objection to it not being proximately caused and so the only question is reasonableness? So two responses to that, Your Honor. So as an initial matter, there was no objection below to the foreseeability of the investigator, which is the issue that was raised on appeal. So we would be under a plain error standard. The defendant did not even make an attempt to satisfy plain error in their reply. So we would argue that the argument has been waived outright. But with respect to the foreseeability, we have maintained that it was foreseeable, and particularly under a plain error standard, that the defendant cannot meet that standard with respect to the private investigator. And could you just explain how that's so? So in this particular situation, given the circumstances that were forced by the defendant upon the victim, threatening, intimidating messages being sent to her over the course of a year and a half, it is very foreseeable that the victim in this case might seek out a private investigator, private security to assist her in protecting her from the defendant's continued conduct. It's foreseeable that there could be some type of interaction between a private investigator and a defendant. Because this issue was not raised below, however, there are no findings in the record by the district court as to what exactly happened, who was at fault, what the defendant's role was in the interaction. And so without any of that information, I think that Mr. Cardozo cannot show plain error with respect to the inclusion of those expenses. And then could you address the use of the attorney for the publisher and the The problem is that they were checking the criminal history. The problem is the purpose for which the criminal history was being checked. Yes, that's right. And in this case, first of all, I would like to say that the particular charge that was disputed was something in the vicinity of $118. But you're defending the imposition of that charge, right? We are defending the imposition. So what's the ground? So as an initial matter, I don't think that they can meet the fourth prong given how small it is. Because this is on plain error? Because it's on plain error. But in any event, it was absolutely reasonable and foreseeable that when the defendant's criminal conduct toward the victim was spurred by her publication of an article in a publishing magazine, that her publishers would need to be apprised of what was going on with the defendant vis-à-vis the victim, who is a professional author. And in this case, one of the main ways that Mr. Cardozo chose to abuse and threaten the victim in this case was through sending her threatening and harassing messages on the actual website of the publisher where her article had been published. So this is directly related to the actual criminal conduct that had occurred. This is not that she had some separate career that was unrelated to the harassment. This was what spurred this entire case here. So it's eminently reasonable that these fees would be included. And, Your Honor, if I may address one other point, which is the discrepancy of the $4,300 that was in the bill below. So as Your Honors have recognized, this was not an objection that was raised below. And, in fact, the government only became aware of that through the appellate process. In this case, the defendant has repeatedly characterized this discrepancy as an error in calculation. This is not actually an error in calculation. The amount that was requested by the government and represented by the government to have been the total amount of legal fees incurred by the victim was, in fact, the correct total amount. Ms. Rumpler, you don't need much for a restitution award, but you need some evidence. The only evidence of fees that we have, legal fees that we have in this case, is the timesheets, billing statements. Those add up to a figure $4,000 short. All right? That is correct. We can't pluck that $4,000 out of thin air. You seem to want us to assume that there must have been $4,000 more in work done. But there's absolutely no evidence from which we can do that. There's nothing in the record that indicates that those timesheets were not the complete total of the attorney's work. Your Honor, it is correct that there was no bill reflecting the $4,308.93. There was, in fact, an omitted bill that was inadvertently omitted by the government below. Is there an omitted bill? There was a month for which there was no billing statement. Exactly. But why isn't that equally consistent with the premise that there was simply no work done in that month? Your Honor, in this case, because there was a statement by the government on which the district court could have reasonably relied, that the total legal bills incurred by the victim had totaled a certain amount. And in this case. Excuse me. So in a restitution case, I can get restitution with nothing more than my statement that an expense item is in a certain amount. I don't have to have any proof of the item whatsoever. Your Honor, for example, in the Sanchez moment. No, no. Would you answer my question? Is that your premise? That if the attorney says to the court the expense item is $71,000, that the attorney can then present bills for $67,000 instead of $71,000, and the court can take the attorney's word for the extra $4,000? That's what you want us to do in this case. We'll go ahead and answer that question. As a typical matter, no, I wouldn't agree that just say so is sufficient proof. There has to be minimally a modicum of reliable evidence, and there has to be some rational basis in the record. However, in this particular case, there was no objection to this below, and there are cases saying that when the figure is uncontested, that that does not raise a dispute that the district court needs to address. And in this particular case, again, the total amount was listed in the government's. Because had there been an objection, then the supposed omitted bill could have been shown if it existed. And given that we are on plain error review, I would say that particularly with respect to the fourth prong, when you look at this statute as a whole, it is a very broad restitution statute. The full amount of the victim's losses, including attorney fees. Typically, any uncertainties have to be resolved with respect to achieving fairness to the victim, and we submit that with no objection below on plain error. Could you just go back to the attorneys for the publisher, the fees regarding the publisher? The charge there was a charge that was relating to who, which attorney? The publisher's attorney? It was a charge. The charge that was specifically disputed by Mr. Cardozo was a charge by New York Council charged for submission of materials to Jane Doe's Publishing. And your contention is that was in the role of counsel to? Yes, Your Honor, absolutely. Particularly, again, given that the criminal conduct directly tied to her role as a published author. Okay. Anything further? Thank you. Thank you, Your Honor. Thank you. At this time, will Attorney Feldman Rumpler please reintroduce herself on the record? She has a two-minute rebuttal. I don't want to spend too much time on the publishing issue with limited time, but I will say she was a published writer. That publication was the impetus for this case because of the defendant's response to it. But the materials referred to her publishing attorney were not for those prior publications. They were for future publications that she may decide to make, to exploit, and I'm not saying unjustifiably, but to exploit her experience here. It's not part of her loss. It's part of the gain that she was going to make later by publishing more about this experience. So with regard to the $4,000 discrepancy, there are other cases, including WAC 9 cited in my brief, where courts have just said, without analysis of a plain error, without a great deal of analysis at all, there was a simple, obvious mistake and we're going to correct it. Because you know what? Restitution orders are not a way for the victims. Well, the question is whether there was a mistake because the argument against you is that here there wasn't a mistake. There was an uncontested representation. That's not a mistake. If they had said total bills are $71,000, you didn't object, and then they entered an order for $75,000, that would be a mistake. Their contention is that they said some number, no objection to it, so no mistake because no one said that there wasn't support for it. That's a very different case than a true mathematical error. In WAC 9, the court made a mathematical error and nobody pointed that one out either. In Antonicopolis, there was a mistake. Nobody pointed that one out either. There are many mistakes that are very clear. How do you address what Judge Barron said, which he's saying it's not a mathematical error? The chart? That there was a representation made that that was the bill and there was no objection to that specific representation. The chart at addendum page 31. There's a chart and there's a representation. That representation was based on no evidence. Correct, and then the answer to that that you need to address is and there was no contestation of the representation. So the claim is there was no mathematical error. There was just an uncontested representation of fact of $71,000 or whatever the number was. The government represented to the court that these bills added up to $60,000 when, in fact, they added up to $55,000. It's not as though there was a representation independent of anything else. That was a false representation by the government. Thank you, counsel. That concludes argument in this case.